UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY KIGER | CIVIL ACTION |
| VERSUS | NO: 04-3153 |
| PLAISANCE DRAGLINE AND DREDGING COMPANY, INC., ET AL | SECTION: "K" (4) |

### ORDER

Before the Court is a **Motion for Extension of Time to Respond to Discovery to Compel Discovery (doc. #66)** filed by the defendant, Clarendon Insurance Company, and a **Motion for Sanctions Pursuant to Rule 11 of the Federal Rule of Civil Procedure (doc. # 62)** and a **Motion for Contempt of Court, Sanctions, and Attorney's Fees (doc. # 63)** filed by the plaintiff, Roy Kiger.

### I.    Factual and Procedural Background

Kiger was a seaman working on the M/V U.S. Grant ("Grant") and the D/B Rebel 1 ("Rebel"). Plaisance Dragline and Dredging Company, Inc., ("Plaisance") was the alleged owner of the Grant and the Rebel. Kiger alleges that Plaisance failed to provide a safe workplace resulting in another employee falling into Kiger and pushing him onto some pipe and a chair welded to the deck of the Rebel. Kiger alleges this accident resulted in a severe and disabling illness. Kiger filed his original complaint against Plaisance on November 8, 2004.

However, almost five months earlier on June 11, 2004, Plaisance filed for relief under Chapter 11 of the United States Bankruptcy Code and therefore under 11 U.S.C. § 362(a) Plaisance received an

automatic stay from all judicial proceedings.  *See* 11 U.S.C. § 362(a)-(b).  The District Court subsequently modified the stay and allowed Kiger to pursue his claim against Plaisance's insurance company, Clarendon America Insurance Company ("Clarendon").[1]  Kiger then amended his complaint adding Clarendon as a defendant.  Clarendon answered, denying any liability and asserted the affirmative defense of contributory negligence.

Kiger first propounded interrogatories and requests for production of documents on June 2, 2005.  Clarendon answered on July 7, 2005.  On August 11, 2005, Kiger sought supplemental answers to a number of the interrogatories and requests for production which Clarendon provided on August 26, 2005.

Because, according to Kiger, the supplemental responses did not fully answer his requests, he filed a motion to compel in this Court seeking complete answers to Interrogatories number 2 and 6.  Interrogatory number 2 asked Clarendon to "[s]tate fully and completely how you claim the accident described in the petition happened."  Interrogatory number 6 asked Clarendon, "[d]oes the defendant contend that the plaintiff, by any of his acts or admissions, any way caused or contributed to this accident, and in any way assumes the risks of his injuries?  If so, detail every fact upon which you base such contentions."  Clarendon had responded by stating that because it was a direct action defendant it had no direct information concerning the accident but would supplement its responses when it received more information.

In his motion to compel, Kiger noted that when responding to his complaint, Clarendon answered that "[t]he claims asserted by the plaintiff in his Complaint for damages . . . are barred by his own fault or negligence, which fault or negligence was the sole and proximate cause of any damages

---

[1] See Rec. Doc. No. 8

2

which may have occurred."[2] Kiger argues that while Clarendon "claims they are not responsible for Mr. Kiger's injuries because of his own fault or injuries, they refuse to list and/or state, pursuant to interrogatories number 2 and 6, how Mr. Kiger injured himself." (Pl. Mem. at 2).

Clarendon conceded that "Clarendon's responsive pleadings contain a boilerplate allegation of contributory negligence by the plaintiff . . . ." (Def. Mem. at 2). However, it contends that "[i]f on completion of discovery Clarendon cannot maintain an argument for contributory negligence, it will have to acknowledge that position and withdraw any such claims." *Id.*

On March 13, 2006, the Court granted the motion to compel, noting that under Rule 8, all defenses and affirmative defenses must have a good faith basis in fact. (See Rec. Doc. No. 42). The Court further noted that:

> Kiger's motion to compel seeks information concerning an allegation that Clarendon filed eleven months ago. Even after considering the time delays wrought by the effects of Hurricane Katrina, the Court concludes that sufficient time has elapsed for Clarendon to produce facts sufficient to answer the subject interrogatories.

*Id.* The Court ordered Clarendon to respond within 30 days of the signing of the order.

**II.     The Subject Motions**

On April 27, 2006, Kiger filed the Rule 11 Motion contending that Clarendon had neither removed its affirmative defense based on contributory negligence, nor had it answered the two interrogatories relating to how Kiger's alleged negligence had contributed to his injuries. Kiger alleged that such conduct violated Rule 11. Kiger's Contempt of Court Motion contends that because Clarendon had not answered the discovery as ordered by the Court, it should be held in contempt.

In its Motion for Extension of Time, Clarendon alleges that pursuant to an agreement between its counsel and Kiger's counsel, it had an agreement to provide answers to the interrogatories after Kiger's deposition which was scheduled for April 5, 2006. Counsel for Clarendon alleges that on April

---

[2]*See* Doc. Rec. No. 16.

5, Kiger's counsel asked to reschedule Kiger's deposition because one of the law partners had a death in the family. Counsel for Clarendon agreed, but indicated to Kiger that it would not be able to answer the interrogatories until after the deposition. Counsel for Clarendon alleges that Kiger's counsel agreed to the extension. Kiger's deposition was then rescheduled to May 19, 2006.

Accordingly, Clarendon seeks to extend the discovery deadline to answer the interrogatories until the day after the deposition. Clarendon alleges it did not file this motion prior to the expiration of the Court's order because of the agreement it had with the Kiger's counsel.

However, during the hearing, Clarendon indicated that it had motioned to to withdraw its affirmative defense of contributory negligence and had answered the discovery at issue. Therefore its Motion for Extension of Time was moot. Kiger then indicated that it had received the discovery and accordingly, its Motion for Contempt of Court of Court was also moot. Kiger then also consented to the filing of the proposed answer, and, accordingly, the Court denied his Rule 11 Motion as moot.

Accordingly,

**IT IS ORDERED** that Clarendon's **Motion for Extension of Time to Respond to Discovery to Compel Discovery (doc. #66)** is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Kiger's **Motion for Sanctions Pursuant to Rule 11 of the Federal Rule of Civil Procedure (doc. # 62)** is **DENIED AS MOOT.**

**IT IS ALSO ORDERED** that Kiger's **Motion for Contempt of Court, Sanctions, and Attorney's Fees (doc. # 63)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this __10th__ day of July, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**