UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY KIGER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-3153** |
| **PLAISANCE DRAGLINE AND DREDGING COMPANY, INC., ET AL** | **SECTION: "K" (4)** |

## ORDER

Before the Court is a **Motion to Quash Subpoenas (doc. # 82)** filed by the plaintiff, Roy Kiger, seeking an order from this Court quashing two third party subpoenas issued by a defendant, Clarendon Insurance Company. Clarendon filed an opposition motion. The motion was heard on November 1, 2006.

**I.   Background**

Kiger was a seaman working on the M/V U.S. Grant ("Grant") and the D/B Rebel 1 ("Rebel"). Plaisance Dragline and Dredging Company, Inc., ("Plaisance") is the alleged owner of the Grant and the Rebel. Kiger alleges that Plaisance failed to provide a safe workplace resulting in another employee falling into Kiger and pushing him onto some pipe and a chair welded to the deck of the Rebel. Kiger alleges this accident resulted in a severe and disabling illness. Kiger filed his original complaint against Plaisance on November 8, 2004.

However, almost five months earlier on June 11, 2004, Plaisance filed for relief under Chapter

11 of the United States Bankruptcy Code and therefore under 11 U.S.C. § 362(a) Plaisance received an automatic stay, with limited exceptions not relevant here, from all judicial proceedings. *See* 11 U.S.C. § 362(a)-(b). The District Court subsequently modified the stay and allowed Kiger to pursue his claim against Plaisance's insurance company, Clarendon America Insurance Company ("Clarendon").[1]  Kiger then amended his complaint adding Clarendon as a defendant. Clarendon answered, denying any liability.

On May 19, 2006, Kiger was deposed by Clarendon. At one point during the deposition, Kiger indicated that he had paid for medical treatment for his injury with loans he obtained through Whitney Bank. He also indicated that this loan was secured by his counsel.

On October 5, 2006, Clarendon issued two subpoenas, one to the Whitney Bank in Houma, Louisiana, and one to Commere Bank, also in Houma, Louisiana. Each of the subpoenas seeks:

> Any and all documents, including, but not limited to promissory notes, loan documents, electronic records, bank statements, ledgers, and/or cancelled checks, regarding any loans, guarantees, and/or lines of credit, obtained, secured, and/or guaranteed by Kopfler, Hermann & Fauldi and or Kopfler Hermann on behalf of, or in connection with Roy Kiger.

> Any and all documents, including, but not limited to promissory notes, loan documents, electronic records, bank statements, ledgers, and/or cancelled checks, regarding any loans, guarantees, and/or lines of credit, obtained, secured, and/or guaranteed by Roy Kiger.

## II.     **Standard of Review**

Under Rule 45, the Court can quash or modify the subpoena if it, among other things, requires disclosure of privileged or other protected matter and no exception or waiver is applicable.

---

[1] See Rec. Doc. No. 8

FED. R. CIV. P. 45(c)(1). A motion to quash or modify a subpoena under Rule 45(c)(3) of the Federal Rules of Civil Procedure may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. *See Shepard v Castle,* 20 F.R.D. 184 (W.D.Miss. 1957). However, a party, although not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have such standing if he has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Westside-Marrero Jeep Eagle, Inc. v Chrysler Corp.,* 1998 WL 186705, *4 (E.D.La. 1998) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)).

### III.     Analysis

Kiger contends that information sought by Clarendon is not calculated to lead to the discovery of relevant evidence and that the subpoenas were issued solely to harass him. He further contends that any money he used to pay for his treatment is not admissible and therefore seeks a protective order.

Clarendon contends that during the deposition Kiger first stated that he did not take out any loans for day to day living. It contends that this contradicts his later testimony that he had in fact received a loan from the Whitney Bank. Clarendon contends that the information is relevant for purposes of impeachment because Kiger said repeatedly during the investigation that he has no money. Clarendon apparently speculates that Kiger took out the loan for more money than the cost of his surgery. Clarendon also contends that they are entitled to investigate whether Kiger's law firm fully complied with the Louisiana Rules of Professional Conduct when helping him to secure the loan.

During the hearing, the Court noted that the subpoenas, as written, request that both banks provide financial information and documents about the accounts of the law firm representing Kiger to Clarendon. While the subpoenas attempt to limit the request to loans somehow involved with Kiger, it would be impossible for the banks to decide which transactions made by the law firm would fulfill the request. Further, Clarendon has not shown how such information is possibly relevant to this case. Thus, the subpoenas are quashed as they seek irrelevant information.

Accordingly,

**IT IS ORDERED THAT** plaintiffs' **Motion to Quash Subpoenas (doc. # 82)** is **GRANTED**.

New Orleans, Louisiana, this __2nd__ day of November 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**