UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY KIGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3153** |
| **PLAISANCE DRAGLINE AND DREDGING CO., INC.** | **SECTION "K"(4)** |

### *ORDER AND REASONS*

Before the Court is defendant Clarendon Insurance Company's "Motion to Exclude and/or Limit Testimony of Plaintiff's Liability Expert, John C. Manders" (Rec. Doc. No. 97), and plaintiff's "Motion in Limine to Exclude Certain Testimony by Defense Expert" (Rec. Doc. No. 95). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, grants defendant Clarendon's motion in part, and grants plaintiff Roy Kiger's motion in part.

### *BACKGROUND*

On December 5, 2001, Roy Kiger was employed as a crane operator by Plaisance Dragline and Dredging Company, Inc. (Plaisance) as a member of the crew of the M/V U.S. GRANT and the D/B REBEL ONE, owned and operated by Plaisance. While Kiger was working in the course and scope of his employment aboard the D/B REBEL ONE, Joseph Duet, a fellow employee, tripped on the deck of the barge and fell onto Kiger, causing him to fall. Thereafter Kiger filed this admiralty suit to recover damages under the Jones Act and general maritime law against Plaisance and its insurer Clarendon Insurance Company (Clarendon) for injuries allegedly sustained as a result of the described accident.

Plaintiff retained John C. Manders as a liability expert. Manders has issued a report offering a number of expert opinions which Clarendon seeks to strike. Defendant Clarendon retained Norman

J. Dufour, Jr. as its marine liability expert. Plaintiff's motion in limine seeks to exclude some of Mr. Dufour's opinions.

## *LEGAL STANDARD*

*Federal Rule of Evidence 702* provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier of fact." The Fifth Circuit has previously recognized that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990). The inquiry is thus twofold: (1) whether the expert is qualified, and (2) whether such testimony will assist the trier of fact.

Additionally, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue of fact to be decided by the trier of fact." Fed. R. Evid. 704.

## *ANALYSIS*

### I. Clarendon's Motion to Exclude

Clarendon does not challenge Captain Manders' qualifications as an expert liability witness. Rather, Clarendon's objections are grounded on the following: 1) some of the opinions will not assist the trier of fact; 2) some of the opinions are conclusions are law; and 3) some of the opinions are conclusory.

Captain Manders opined:

> Plaisance Dragline and Dredging Company, Inc had privity and knowledge that the barge was loaded with 7 or 8 sections of 20-foot long by 8-inch wide "I-beams" loaded on the deck that were superfluous to the task at hand and presented a serious obstruction to a clear passageway down the port side of the barge. Management failed to offload these "i-beams" in a timely manner. The lack of a clear passageway along the port side contributed to this accident.

Several of Captain Manders's conclusions, i.e., that the "I-beams" were superfluous to the task at hand, that Plaisance had privity and knowledge that the "I-beams" were superfluous, that the beams presented a serious obstruction to a clear passageway, and that management failed to offload the beams in a timely manner, are conclusions that the Court, as fact finder, is capable of making based on its common experience and knowledge. Expert testimony on these issues in unnecessary. Thus, the Court grants the motion in limine as it relates to those statements. However, the Court declines to strike Captain Manders's opinion that "[t]he lack of a clear passageway along the port side contributed to this accident." That opinion, based in part on specialized knowledge, may assist the Court in reaching a conclusion on liability.

Defendant also seeks to exclude the following opinion by Captain Manders:

> Plaisance Dragline and Dredging Company, Inc. had privity and knowledge that Roy Kiger was unable to read or write when they pushed him into taking on the crane operator's job, and thus making him the Reasonable Person-in-Charge of the REBEL ONE, although they knew he was unable to read industry regulatory safety requirements or safety manuals.
> By virtue of his admitted illiteracy, Roy Kiger was neither properly qualified nor competent to be the Responsible Person-in Charge of the REBEL ONE. Management had privity and knowledge of his illiteracy yet still pushed him into the position.

Defendant urges that the opinion is argumentative and not based on any special expertise of Captain Manders. The court grants the motion in limine as to this opinion. Plaintiff was undoubtedly

3

qualified to walk, which is the activity he was engaged in at the time the accident occurred. Whether Plaisance knew that plaintiff was unable to read or write and whether Kiger was properly qualified or competent to serve as the Responsible Person-In-Charge is wholly irrelevant to the liability issues in this case. Accordingly, those opinions are not admissible. Fed. R. Evid. 402.

The Court denies the motion in limine is all other respects. No individual analysis of the other challenges is necessary. Suffice it to say that the remaining opinions are based on skill and expertise possessed by Captain Manders and may assist the Court in determining the liability issues herein.

## II.  Plaintiff's Motion in Limine

Kiger seeks to exclude Norman Dufour's opinion concerning the value of the D/B REBEL ONE because defendant failed to provide plaintiff with a copy of the "formal appraisal report" referred to in Mr. Dufour's report as a basis for his opinion concerning the value of the REBEL ONE. This portion of the motion is denied as moot; on December 18, 2006, the Court granted defendant's "Motion for Leave to Amend and Supplement the Report of Defendant's Liability Expert Norman J. Dufour" which permitted Clarendon to provide plaintiff with a copy of the "formal appraisal report."

Kiger also moves to preclude Mr. Dufour from testifying that plaintiff's accident was a "freak accident that was the result of many factors, not the least of which was the close proximity of the two men at the time Mr. Duet fell" and that "[i]t is possible that the involvement of Mr. Kiger could have been avoided entirely if he had not attempted to catch Mr. Duet."

Those opinions are gratuitous statements concerning the accident and do not fall within the scope of Mr. Dufour's marine expertise. Moreover, even if Dufour were qualified to render the

4

challenged opinions, the testimony would nonetheless still be excluded.  Mr. Dufour's opinion concerning the freakish nature of the accident and Kiger's role in the accident are not opinions that are likely to assist the Court, as the trier of fact, in determining liability in this case.  Therefore, the Court grants Kiger's motion in limine insofar as it seeks to exclude the cited opinions.

Plaintiff also seeks to exclude testimony by Mr. Dufour that "[i]t has been alleged that the vessel does not comply with A.N.S.I. Safety Requirements despite the admission that these standards do not apply to the vessel."  That statement is irrelevant to the liability issue.  Because expert testimony is not exempt from the requirement of Federal Rule of Evidence 402 providing that "[e]vidence which is not relevant is not admissible" the Court grants plaintiff's motion to exclude any testimony by Mr. Dufour concerning the quoted statement.

The Court also grants plaintiff's motion in limine to the extent that it seeks an order precluding Mr. Dufour from testifying that "vessels in this service are required to carry materials and equipment on deck but that a safe route of passage is virtually always available" and that "non-skid deck coatings, deck fittings painted yellow, permanent handrails and spud winch wire covers are seldom seen on barges of this type and in this service."  Those opinions will not assist the Court in determining whether defendant was negligent or whether the D/B REBEL ONE was unseaworthy.  Dufour may, however, testify that "[t]he pad depicted in the color photographs provided appears to have been painted yellow, and was partially shielded by a timber sill set near the transverse deck spud wire."  That relevant testimony may assist the Court in analyzing the liability issues involved herein.

The Court concludes that plaintiff's remaining challenges to the opinions expressed by Mr. Dufour lack merit; those challenged opinions are admissible as they may assist the Court in

5

determining liability. Accordingly, the Court denies plaintiff's motion in limine in all other respects not specifically addressed herein above.

**IT IS ORDERED** that defendant Clarendon's motion to exclude is granted insofar as it seeks to preclude John Manders from testifying consistent with the opinion stated in "No. 10" under "Opinions" in his report dated September 26, 2006, relative to plaintiff's ability to read and write and his competence or qualifications to be the Responsible Person-in-Charge on the REBEL ONE.

**IT IS FURTHER ORDERED** that defendant Clarendon's motion to exclude is granted insofar as it seeks to preclude John Manders from testifying that "Plaisance Dragline and Dredging Company, Inc had privity and knowledge that the barge was loaded with 7 or 8 sections of 20-foot long by 8-inch wide 'I-beams' loaded on the deck that were superfluous to the task at hand and presented a serious obstruction to a clear passageway down the port side of the barge. Management failed to offload these 'I-beams' in a timely manner.

**IT IS FURTHER ORDERED** that defendant Clarendon's motion to exclude is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff Roy Kiger's motion in limine is granted insofar as it seeks to exclude Norman Dufour from testifying that plaintiff's accident was a "freak accident" and that Mr. Kiger's involvement in the accident could possibly have been avoided had he not attempted to catch Mr. Duet.

**IT IS FURTHER ORDERED** that plaintiff Roy Kiger's motion in limine is granted insofar as it seeks to exclude Norman Dufour from testifying that "[i]t has been alleged that the vessel does not comply with A.N.S.I. Safety Requirements, despite the admission that these standards do not apply to the vessel. In the opinion of the undersigned, vessels in this service are required to carry

materials and equipment on deck, but that a safe route of passage is virtually always available. Non-skid deck coatings, deck fittings, painted yellow, permanent handrails and spud winch wire covers are seldom seen on barges of this type and in this service."

**IT IS FURTHER** ORDERED THAT plaintiff Roy Kiger's motion in limine is denied in all other respects.

New Orleans, Louisiana, this 28th day of December, 2006.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE